UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Henry Kevin Grant, | ) | C/A No. 8:26-cv-00042-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| William R. Holloway, Capt. D. Hardy, Cpl. Teage, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is presently incarcerated at the Laurens County Detention Center. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the district court.

This matter is before the Court for a review of the second Amended Complaint. ECF Nos. 16; 16-1. For the reasons below, certain claims in this action and one of the named Defendants are subject to summary dismissal. Plaintiff's First Amendment claim against Defendants Capt. D. Hardy ("Hardy") and Cpl. Teage ("Teage") is sufficient to survive initial review, and an Order authorizing service is filed concurrently with this Report and Recommendation. However, Defendant William R. Holloway ("Holloway"), and all of Plaintiff's remaining claims are subject to dismissal.

---

[1] The original Complaint named other Defendants. However, the three Defendants named in the caption above are the only three Defendants named in the Amended Complaint. Thus, all other Defendants have been terminated from the docket.

1

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff attached to the standard form a hand-written document containing additional allegations.  ECF No. 1-1.  The Court construed both documents together as the Complaint filed in this matter.  By Order dated January 12, 2026, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order.  ECF No. 9.  The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint.  *Id*. at 16.  Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 17 (emphasis omitted).  Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A.  *Id*.

Plaintiff filed a first Amended Complaint on January 30, 2026.  ECF Nos. 11; 11-1.  However, that document was incomplete and did not include all of the pages comprising the standard complaint form.  Accordingly, by Order dated February 6, 2026, Plaintiff was instructed to file a complete complaint form.  ECF No. 14.  That Order explained as follows:

> On January 30, 2026, the Court received an Amended Complaint. ECF No. 11.  The Amended Complaint is filed on the standard form. However, it is incomplete and Plaintiff provided only pages numbered 1, 4, 6, 7, and 12.  At the top of the first page is the following notation: "Additional mail sent 01/26/2026."  *Id*. at 1.  It is unclear whether that notation means Plaintiff sent additional

2

> pages in a separate mailing. If he did so, the Court has not received any such mail.
>
> Because the Court has not received a completed complaint form, the undersigned is unable to complete a review of the amended complaint. As such, Plaintiff will be given one final opportunity to fully complete and return a standard form complaint that corrects all the deficiencies previously noted by the Court. If Plaintiff fails to complete and return all pages of the standard form, the Court will consider only those pages Plaintiff submits to the Court, which may result in this action being dismissed.

*Id*. at 1–2. On February 19, 2026, Plaintiff filed a completed standard form second Amended Complaint. ECF Nos. 16; 16-1. This second Amended Complaint is now the operative pleading in this matter and replaces and supersedes all prior complaints.[2] This matter is before the Court for a review of Plaintiff's second Amended Complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.

**Factual Allegations**

Plaintiff makes the following allegations in the second Amended Complaint. ECF Nos. 16; 16-1. Plaintiff asserts that his legal mail is being opened outside of his presence. ECF No. 16-1 at 1. Plaintiff alleges that Teage works in the mail room and is responsible for the mail. *Id*. Plaintiff has warned both Teage and Hardy through the kiosk and grievances that opening his mail outside of his presence was a violation of his First Amendment rights. *Id*. Plaintiff contends that doing so "chills [his] right to communicate confidentially with [his] lawyer." *Id*. Plaintiff asserts that, although prison officials are permitted to open mail in an inmate's presence to inspect it for

---

[2] An amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

3

contraband, they may not open and read legal mail outside of an inmate's presence. *Id*. Plaintiff alleges that Teage and Hardy's failure to follow these procedures and reading his legal mail has "delayed [his] case" as he has had to fire two lawyers. *Id*. Plaintiff contends that this has resulted in his spending additional time in the jail in violation of his due process rights and causing him to suffer mentally and physically. *Id*.

For his injuries, Plaintiff contends he has suffered from high blood pressure, lost sleep, anxiety, loss of appetite, post traumatic stress disorder, pain and suffering, and cruel and unusual punishment. ECF No. 16 at 5. Plaintiff requires therapy, blood pressure pills, mental health treatment, and sleeping medication, but he is not receiving any of these medications or treatments. *Id*. For his relief, Plaintiff seeks money damages. *Id*.

## STANDARD OF REVIEW

**Review of Prisoner/*Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

4

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

**Defendant Holloway is Entitled to Dismissal**

Holloway is identified as Plaintiff's attorney. ECF No. 16 at 1. To state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Holloway is or was an attorney representing Plaintiff in the underlying state court criminal proceedings against Plaintiff. However, Plaintiff has not alleged facts showing that Holloway is a state actor acting under color of law. *Martin v. Brackett*, C/A No. 9:09-cv-792-RBH, 2009 WL 3836123, at *1 (D.S.C. Nov. 13, 2009) ("Attorneys for criminal defendants generally do not act under color of state law when performing traditional functions as counsel.").

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317, 325 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action). Plaintiff has not made allegations to plausibly show that the Holloway exceeded the "traditional functions as counsel."[3] *Polk Cnty.*, 454 U.S. at 325; *see also Trexler v. Giese*, C/A No. 3:09-cv-144-CMC-PJG, 2010 WL 104599, at *3 (D.S.C. Jan. 7, 2010) (finding attorney was entitled to summary dismissal in § 1983 action where attorney's representation in the state criminal case fell "squarely within the parameters of his legal representation" although the plaintiff was unhappy with the manner in which the attorney represented her). Accordingly, Plaintiff's claims against Holloway is not proper in this § 1983 action, and Holloway is entitled to dismissal.[4] *See Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007) (explaining public defenders are not state actors under § 1983 and thus entitled to dismissal). Defendant Holloway is entitled to dismissal because he is not a state actor.

---

[3] Courts have consistently noted that claims for ineffective assistance of counsel do not rise to the level of a constitutional violation to support a claim under § 1983. *Hinton v. Bangs*, C/A No. 1:08-cv-628-JCC-TRJ, 2008 WL 8889883, at *2 (E.D. Va. June 24, 2008) (allegation of "ineffective assistance does not state a claim for which relief can be granted in a § 1983 suit because a public defender performing a lawyer's traditional functions as counsel to a defendant during criminal proceedings does not act under color of state law and, therefore, is not subject to civil liability under 42 U.S.C. § 1983"); *Wagner v. Obama*, C/A No. 3:13-cv-00708-GRA, 2013 WL 2370526, at *6 (D.S.C. May 29, 2013) ("an attorney, whether retained, court appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983"), *aff'd,* 548 F. App'x 86 (4th Cir. 2013).

[4] To the extent Plaintiff is asserting a claim for malpractice, claims of attorney negligence and legal malpractice are not cognizable in an action under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328–36 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir.1995); *Ruefly v. Landon,* 825 F.2d 792, 793–94 (4th Cir.1987). Additionally, § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200–03 (1989). Thus, any claim for legal malpractice fails as a matter of law.

**Plaintiff's Conditions of Confinement Claim**

Plaintiff's second Amended Complaint, liberally construed, appears to assert a conditions of confinement claim related to alleged exposure to "black mole," which the Court understands to mean black mold. *Id*. at 5. Plaintiff alleges he has complained about "black mol[d] sickness" and has experienced pain and suffering related to the black mold. *Id*. at 5–6. Plaintiff contends the black mold "was making me dizzy and sick." *Id*. at 7.

Plaintiff's conditions of confinement claim is subject to dismissal because the cursory assertions are insufficient to establish a cognizable claim. Critically, Plaintiff has not identified any individual responsible for the alleged exposure to black mold, or any medical care and treatment related to any black mold sickness. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant). A "[p]laintiff's general allegation that unspecified defendants and/or an entire 'department' violated his rights is conclusory and does not adequately state a § 1983 claim." *Breyan v. Mental Health*, C/A No. 2:17-cv-665, 2017 WL 1380647, at *2 (D.S.C. Mar. 24, 2017) (summarily dismissing claims against "mental health" or "medical staff" and

8

holding that the plaintiff "must identify the person or persons who purportedly violated his rights."); *Roberson v. Thomas*, C/A No. 2:11-cv-3114, 2012 WL 786275, at \*2 (D.S.C. Feb. 16, 2012) (dismissing claims against a collection of "defendants"). Plaintiff's "claims may proceed only if he identifies the individuals responsible for each of these alleged actions" and he must "provide sufficient facts to show that each named defendant participated in the alleged violations that [Plaintiff] is asserting against that defendant." *Manners v. Fogan*, C/A No. TDC-21-cv-1444, 2022 WL 1501086, at \*2 (D. Md. May 12, 2022); *see also Ashworth v. S. Cent. Reg'l Jail*, C/A No. 2:20-cv-00041, 2022 WL 17365732, at \*5 (S.D.W. Va. Nov. 8, 2022) ("Plaintiff has not alleged or demonstrated any actual injury from these conditions of confinement, and he has not identified any individual prison or medical staff who allegedly subjected him to these conditions. Thus, his allegations fail to give rise to any plausible claim for relief under § 1983."), *R&R adopted by* 2022 WL 17365713 (S.D.W. Va. Dec. 1, 2022). Because Plaintiff has failed to identify any defendant individually responsible for the alleged black mold or issues related to it, this claim is subject to dismissal. *Alexander v. Collins*, C/A No. 7:19-cv-00261, 2021 WL 1541033, at \*6 (W.D. Va. Apr. 20, 2021); *Jackson v. Greenville Cnty.*, C/A No. 6:25-cv-12554-JDA-WSB, 2025 WL 3503925, at \*4 (D.S.C. Oct. 22, 2025), *R&R adopted by* 2025 WL 3502518 (D.S.C. Dec. 5, 2025).

As to the three named Defendants, none of them are alleged to have any involvement with the black mold issue or, generally, the conditions of confinement. Holloway, as discussed above, is not even a state actor and has not involvement with the conditions of the Detention Center. Hardy and Teague are alleged to have been involved in the issues related to Plaintiff's mail, but the Amended Complaint does not allege that they were in any way involved with the black mold. "Plaintiff has not identified any specific person responsible for the alleged deprivations and therefore has failed to present facts showing that any particular individual was deliberately

9

indifferent." *Henry v. Lydia*, C/A No. 8:23-cv-01114-SAL-JDA, 2023 WL 11267808, at *6 (D.S.C. May 18, 2023), *R&R adopted by* 2024 WL 1880635 (D.S.C. Apr. 30, 2024), *aff'd*, No. 24-6438, 2024 WL 3633586 (4th Cir. Aug. 2, 2024).  Accordingly, Plaintiff has failed to establish a plausible conditions of confinement claim.

**Defendants Hardy and Teage**

Plaintiff's second Amended Complaint contains sufficient allegations to state a claim for relief under the First Amendment as to Defendants Hardy and Teage to survive initial review.  An Order authorizing service as to those Defendants will be issued.

## RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the district court **DISMISS** the Defendant Holloway from this action and **DISMISS** Plaintiff's conditions of confinement claim. The action remains pending against Defendants Hardy and Teage as to Plaintiff's First Amendment claim regarding his mail.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

May 13, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11